UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEVIN LAMAR BLAKE,

Petitioner,

v. Case No.: 6:23-cv-1843-PGB-RMN

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent.

_________________________________/

**ORDER**

THIS CAUSE is before the Court on Petitioner Kevin Lamar Blake's Motion for Request for Judicial Notice (Doc. 31). Petitioner requests the Court to provide him with a "complete copy of the case docket[.]" (*Id.* at 1.)

Pursuant to *Walker v. United States*, 424 F.2d 278 (5th Cir. 1970),

> Title 28 U.S.C. § 2250 provides that only where a petitioner for the writ of habeas corpus has been granted leave to proceed in forma pauperis and his application is pending before the court is that petitioner entitled to be furnished copies of court records without cost.

*Id.* at 278-79 (citations omitted). Here, the Court denied Petitioner's habeas petition, (*see* Doc. 25), and thus, his petition is not pending before the Court. Moreover, although not clear, if Petitioner is seeking copies of every docket entry in this case, he has not shown a particularized need for copies of everything or explained with specificity which documents he needs and why. Consequently,

Petitioner is not entitled to copies of the record free of charge. *See, e.g.*, *United States v. Anderson*, No. 2:94cr163, 1997 WL 138970 (E.D. Va. Mar. 14, 1997) ("there is no constitutional requirement that an indigent collaterally attacking a conviction or sentence be supplied with court documents or transcripts at government expense without a showing of a 'particularized need' for the documents"; "[t]o grant this request at this juncture would only encourage a 'fishing expedition' by defendant at the expense of the government."); *United States v. Reed*, No. 88-468-01, 1989 WL 140493 (E.D. Pa. Nov. 17, 1989) (before the court may order the clerk of court to provide a person with documents under § 2250, several requirements must be met: 1) the filing of a petition for writ of habeas corpus; 2) a court order allowing the petitioner to proceed in forma pauperis; 3) the filing of a request for the documents in the court in which the habeas corpus petition has been filed; and 4) a sufficient explanation of the need for the documents requested so that the court can determine the necessity of providing the requested documents). Furthermore, the Court notes that the record will be provided to the Eleventh Circuit Court of Appeals for its consideration. Although Petitioner is not entitled to free copies, the Court will provide him with a copy of the docket sheet.

Accordingly, it is **ORDERED** and **ADJUDGED**:

1. Petitioner's Motion for Request for Judicial Notice (Doc. 31) is **GRANTED IN PART AND DENIED IN PART**. To the extent Petitioner

requests a copy of the docket sheet, the motion is granted. In all other respects, the motion is denied.

2. The **Clerk of Court** is directed to mail to Petitioner a copy of the docket sheet with this Order.

**DONE** and **ORDERED** in Orlando, Florida on September 10, 2026.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Counsel of Record

Kevin Lamar Blake, #X83762
Florida State Prison
P.O. Box 800
Raiford, Florida 32083